IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT KARL BARGER,             ) | |
|     Plaintiff,                  ) | |
|     v.                          ) | Civil Action No. 06-1620 |
|                                 ) | Judge Cercone |
| JOHN WALTON, *et al.*,          ) | Magistrate Judge Caiazza |
|     Defendants.                 ) | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

#### I. RECOMMENDATION

It is recommended that the Plaintiff's Complaint be dismissed because of his failure to prosecute this action.

#### II. REPORT

This action was commenced by the Plaintiff, Robert Karl Barger ("the Plaintiff" or "Barger") against the Warden of the Westmoreland County Prison and against the company which provides medical care under contract with the Prison. Barger asserts that he was not provided proper medical care for a sprained ankle, a staph infection in his ears and hemorrhoids. The Court granted Barger's Motion to Proceed In *Forma Pauperis* (Doc. 2) and, on December 12, 2006, directed that he provide instructions for service as well as a completed notice and waiver of summons and copies of the Complaint for each named defendant on or before January 5, 2007. (Doc. 5). When the Plaintiff failed to comply,

an Order was entered on January 12, 2007, issuing a Rule to Show Cause why the case should not be dismissed because of his failure to prosecute this action. The rule was returnable on or before January 30, 2007. (Doc. 6). Barger requested, and was granted, an extension of time to respond. (Docs. 7, 8). Instead of responding, Barger submitted an amendment to his Complaint which does not add new parties, or any new claims. (Doc. 12). On March 5, 2007, another rule was issued on Barger, returnable on or before March 20, 2007, to show cause why this action should not be dismissed because of his repeated failure to provide proper instructions for service of the Complaint. (Doc. 15). Barger's response was to file another proposed Amended Complaint. (Doc. 16), but no directions for service.

In determining whether an action should be dismissed as a sanction against a party, the court must consider six factors. These factors are as follows:

(1) The extent of the parties personal responsibility;

(2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;

(3) A history of dilatoriness;

(4) Whether the conduct of the party or the attorney was willful or in bad faith;

(5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and

(6) The meritoriousness of the claim or defense.

Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868

(3d Cir. 1984).

A consideration of the factors set out in Poulis requires that this action be dismissed. Factors one and four each relate to the Plaintiff's failure to comply with this court's prior orders, that is, the extent of his personal responsibility, and whether his conduct was willful or in bad faith. These two factors weigh heavily against Barger. With respect to factor number one, it is clear that the Plaintiff's failure to comply with this court's orders was his personal responsibility. With respect to factor four, this court finds that Barger wilfully ignored prior orders entered by this court.

Relative to factor number two, the court must consider the prejudice caused to the adversary because of the Plaintiff's failure to comply with the prior orders he ignored. With respect to this factor, there appears to be no specific prejudice to the Defendants, other than general delay. Therefore, this factor will not be weighed against Barger. Similarly, factor number six, the meritoriousness of the claim, will be weighed neither in favor of nor against the Plaintiff.

Turning to factor number three, there is now a protracted history of dilatoriness. Barger has repeatedly failed to take the actions necessary to move this action forward. This factor weighs heavily in favor of dismissal.

The final factor to consider here is the effectiveness of sanctions other than dismissal. Since the Plaintiff filed this

action *in forma pauperis* it is useless to impose the sanction of attorney fees. Also, because Barger has failed to comply with prior orders entered by this court, it appears that he has no interest in moving this case along expeditiously. The only appropriate action here is dismissal.

In accordance with the Magistrates Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objection to this Report and Recommendation are due by April 16, 2007.

March 29, 2007                          s/Francis X. Caiazza
                                        Francis X. Caiazza
                                        U.S. District Court Judge

cc:   Robert Karl Barger, Jr.,
      Westmoreland County Prison
      3000 South Grande Boulevard
      Greensburg, PA 15601