IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT KARL BARGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-1620 |
| | ) | Judge Cercone |
| JOHN WALTON, *et al.*, | ) | Magistrate Judge Caiazza |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I. RECOMMENDATION**

It is recommended that the Defendants' Motion to Dismiss (Doc. 74) be granted, and that the Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 80) be denied.

**II. REPORT**

This action was commenced by the Plaintiff, Robert Karl Barger ("the Plaintiff" or "Barger") against the Warden of the Westmoreland County Prison and against the company which provides medical care under contract with the Prison. Barger asserts that he was not provided proper medical care for a sprained ankle, a staph infection in his ears and hemorrhoids. The Defendants have filed a Motion to Dismiss (Doc. 74) in which they argue that the Plaintiff has conceded that he did not exhaust the available

administrative remedies. The Plaintiff has responded (Doc. 79) and has also filed a Motion to Amend the Complaint (Doc. 80).

A.  **The Legal Standard**.

The standard applicable to a Rule 12(b)(6) motion is that dismissal is appropriate if no relief could be granted under any set of facts that could prove consistent with the allegations in the Complaint. Hishon v. Spalding, 467 U.S. 69, 73 (1984); Bartholomew v. Fischl, 782 F.2d 1148, 1152 (3d Cir.1986). Additionally, the Supreme Court recently clarified the Rule 12(b)(6) standard in Bell Atlantic Corporation v. Twombly. ___ U.S. ___, 127 S. Ct. 1955 (2007). Specifically, the Court "retired" the language in Conley v. Gibson, 355 U.S. 41, (1957); i.e., "'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief.'" Twombly, 127 S. Ct. at 1968 (quoting Conley, 355 U.S. at 45-46). Instead, the Supreme Court instructed that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

B.  **The Exhaustion of Administrative Remedies**

The applicable – and mandatory– exhaustion requirement which Congress enacted in the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996) reads as follows:

(a) Applicability of administrative remedies

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility <u>until such administrative remedies as are available are exhausted</u>.

42 U.S.C.A. § 1997e(a)(emphasis added). Before filing a civil action, a plaintiff-inmate must exhaust his administrative remedies; this requirement remains mandatory even if the ultimate relief sought by the prisoner is not available through the administrative process. See <u>Booth v. Churner</u>, 206 F.3d 289, 300 (3d Cir.2000), <u>cert. granted</u>, 531 U.S. 956 (2000), <u>aff'd</u>, 532 U.S. 731, (2001). Further, it is insufficient for a prisoner to establish that "there is no further process available to the inmate within the grievance system (which would occur if, say, an inmate fails to file an administrative appeal)...." <u>Spruill v. Gillis</u>, 372 F.3d 218, 227-28 (3d Cir. 2004). The <u>Spruill</u> court made plain that §1997e(a) requires an inmate to "avail[ ] himself of every process at every turn (which would require all appeals to be timely pursued, etc.)." <u>Id</u>. "[I]t is beyond the power of this court - or any other- to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis." <u>Nyhuis v. Reno</u>, 204 F.3d 65, 73 (3d Cir. 2000)(quotation omitted).

In his Complaint, Barger claims that he did not file grievances with respect to the alleged denial of medical care because: "Filed once before on similar matter (medical) dismissed

by the Warden!" (Doc. 3, ¶5(D)). Stated differently, Barger asserted futility as his reason for not filing a grievance.

Now that the Defendants have moved to dismiss and have called to Barger's attention the requirement that exhaustion occur, he asserts intimidation as the reason for his failure to comply with the applicable rules. Barger has attached to his response an Exhibit which is an "Inmate Request Slip" dated November 29, 2006. He acknowledges his failure to comply with the exhaustion rules, but claims that an unnamed Sergeant threatened that he would put Barger "in the hole" if he filed another grievance against the medical department (Doc. 79, Ex. A-1). As a consequence, Barger states that he did not file a grievance with respect to the alleged lack of medical treatment on July 12, 2006.

The Inmate Request Slip reveals no indication that it was received or responded to by prison personnel. Another Inmate Request Slip, though, attached as Exhibit A-2 and filed May 16, 2008 requesting copies of all of Barger's grievances, does reveal Defendant Walton's signature and a response to an inquiry concerning Barger's grievance records. Defendant Walton indicates that on May 20, 2008 -after the Motion to Dismiss was filed in this case- Barger should have already possessed a copy of each grievance, but that additional copies will be made available, at a cost of 25 cents per page.

In other words, Barger asks the Court to find the following credible: (1) that, as of November 29, 2006, he was fully aware of the requirement that he exhaust administrative remedies, but that he failed to comply with the rule because he was threatened with being placed in "the hole"; (2) that Barger failed to allege intimidation in his Complaint, dated December 6, 2006; (3) that the reason set out in the Complaint for failing to file a grievance, *i.e.*, that the Warden had previously denied a similar grievance was, apparently, a misstatement; and (4) that the threat of being placed in "the hole" was sufficient to prevent Barger from filing a grievance with the Warden, but that it did not prevent him from accusing a corrections officer of intimidation in an "Inmate Request Form" allegedly filed with the Warden - nor did it prevent him from filing a lawsuit against the Warden immediately thereafter.

The response filed by the Plaintiff is wholly inconsistent with the facts set out in his Complaint, and should be stricken. That said, the purported November 29, 2006 Inmate Request Form is obviously not authentic. Under the facts here, reason clearly dictates that the Plaintiff could have been aware of the exhaustion requirement, and the related intimidation, but yet fail to allege it in his Complaint. As a result, only futility remains as a reason for Barger's failure to exhaust the available administrative procedures and that excuse is insufficient to support his claim. Nyhuis, 204 F.3d at 73.

### Motion for Leave to Amend.

The Plaintiff seeks to amend his Complaint to include an allegation that Defendant Naph-Care, Inc. acted under color of state law. The Motion should be denied as futile since the Complaint should be dismissed on a basis unrelated to the proposed amendment. Massarsky v. General Motors Corp., 706 F.2d 111, 125 (3d Cir.), cert. denied, 464 U.S. 937 (1983)(leave to amend may be denied where amendment would be futile.).

In accordance with the Magistrates Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objection to this Report and Recommendation are due by June 27, 2008.

June 11, 2008                s/Francis X. Caiazza
                             Francis X. Caiazza
                             U.S. District Court Judge

cc: Robert Karl Barger, Jr.,
    Westmoreland County Prison
    3000 South Grande Boulevard
    Greensburg, PA 15601