# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT KARL BARGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-1620 |
| ) | Judge Cercone |
| JOHN WALTON, *et al.*, ) | Magistrate Judge Caiazza |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

Robert Karl Barger's ("Barger" or "the Plaintiff") civil rights complaint pursuant to 42 U.S.C. §1983 was received by the Clerk on December 4, 2006, and was referred to United States Magistrate Judge Francis X. Caiazza for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

The Magistrate Judge's Report, filed on June 11, 2008, recommended that the Defendants' Motion to Dismiss (Doc. 74) be granted, and that the Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 80) be denied. The parties were allowed ten days from the date of service to file objections. Objections were due on or before June 27, 2008. On June 26, 2008, Barger filed a "Motion for Reconsideration" of the Report and Recommendation (Doc. 83) in which Barger takes issue with the Magistrate Judge's conclusion that Barger's failure to exhaust

administrative remedies should not be excused.  Barger has also filed two Motions to Vacate the Report and Recommendation (Docs. 84 and 90).  The Court will treat these motion as objections to the Report, and finds that the Magistrate Judge's analysis of the issue is correct.  Barger failed to exhaust administrative remedies, and his late assertion that he failed to file a grievance due to intimidation is inconsistent with his complaint.  Indeed, in his complaint, Barger alleged that he failed to exhaust administrative remedies because he believed it would be futile to file a grievance.  Barger's new allegation, raised for the first time in objections, is that he was intimidated.  The timing of this allegation, being advanced only after the shortcomings of his initial reasons for failing to exhaust were brought to light, coupled with its complete inconsistency with his initial basis for failing to exhaust, render the allegation baseless and thus fanciful within the meaning of Neitzke v. Williams, 490 U.S. 319, 327 (1989).[1]  Consequently, Barger's post hoc change of theory is unavailing and the order below is appropriate.

---

[1] In Neitzke v. Williams, 490 U.S. 319 (1989), the Supreme Court identified two types of legally frivolous complaints: (1) those based upon indisputably meritless legal theory, and (2) those with factual contentions which clearly are baseless.  Id. at 327.  An example of the first is where a defendant enjoys immunity from suit, and an example of the second is a claim describing a factual scenario which is fanciful or delusional.  Id.

AND NOW, this 1st day of August, 2008, after de novo review of the record and upon due consideration of (Doc. 76) the magistrate judge's report and recommendation filed on June 11, 2008, and plaintiff's objections thereto, IT IS ORDERED that the Defendants' Motion to Dismiss (Doc. No. 74) be, and the same hereby is, granted. The report and recommendation as augmented herein is adopted as the opinion of the court.

IT IS FURTHER ORDERED that the Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 80) is DENIED.

IT IS FURTHER ORDERED that the Motion for Reconsideration (Doc. 83), and the Motions to Vacate (Docs. 84 and 90) are DENIED.

The Clerk is directed to mark this case CLOSED.

s/David S. Cercone
David S. Cercone
U.S. District Court Judge

cc: Robert Karl Barger, Jr.,
Westmoreland County Prison
3000 South Grande Boulevard
Greensburg, PA 15601